KRUEGER and wife, Respondents, vs. OSBORN-MYERS, INC., Appellant.

*December 5, 1929—April 1, 1930.*

For the appellant there was a brief by *McGovern, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *H. K. Curtis.*

For the respondents there was a brief by *Alfred H. Handrich* and *J. Elmer Lehr,* both of Milwaukee, and oral argument by *Mr. Handrich.*

The following opinion was filed January 7, 1930:

ROSENBERRY, C. J. The question decisive of this case is whether or not the court properly received evidence of an oral agreement between plaintiffs and defendant as to the grade upon which the building in question should be erected. The contract was in writing and required the defendant to construct the brick veneer bungalow "according to the specifications therefor, which specifications are herewith attached and made a part hereof." There is nothing in the contract

specifically relating to the grade line. The following, how-
ever, appears in the specifications:

"These specifications, together with the formally executed
contract, constitute in their entirety the whole agreement be-
tween both parties."

"*Excavating.* All necessary excavating to be done, ground
to be left on lot, any filling or hauling of ground to be paid
for by owner extra, at actual cost. Lot to be leveled by con-
tractor, and seeded or sodded to a point about twenty feet in
rear of house."

There is nothing in the specifications or drawings attached
to and made a part of the contract which indicates the depth
of the cellar or how far from the top of the lot the bottom
of the cellar was to be, except what has already been set out.

The plaintiffs contend, and in that respect the jury found
in their favor, that at the time of the execution and delivery
of the contract it was orally agreed that the level of the lot
should be even with the lots on either side upon which build-
ings were then standing, and the complaint is that the build-
ing as actually constructed is at least eight inches above such
a line. Does the oral evidence offered and received on behalf
of the plaintiffs tend to contradict or modify the terms of
the written contract? That part of the specifications already
referred to provided that the excavating for the cellar as
shown on the plans should be done by the defendant and the
ground removed left on the lot; that the lot was to be leveled
by the contractor. These provisions of the specifications
certainly establish the level of the lot when completed. It
was according to the contract to be its present height plus
such additional height as might be created by leveling the
ground removed from the cellar which was required by the
contract to be left upon the lot. It is not contended that the
house is not properly constructed with reference to a lot
level so fixed. Plaintiffs' contention is that the defendant

should have removed from the lot not only the soil excavated from the cellar but enough more to reduce the whole grade of the lot eight inches.

It is considered that the oral agreement requiring the defendant to so lower the grade of the lot directly contradicts the terms of the written contract entered into between the parties, and evidence of the contemporaneous parol agreement was improperly received. The defendant should have had judgment for the balance due him upon the contract.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the defendant as indicated in this opinion.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.